**Jacqueline A. DeGregorio, Esq.**
**Attorney ID #022661982**
**WEINER LAW GROUP LLP**
**629 Parsippany Road**
**P.O. Box 438**
**Parsippany, NJ 07054-0438**
**Phone: (973) 403-1100  Fax:  (973) 403-0010**
**Attorneys for Defendant Jeffrey Simons**
**Our File No.:** 23022                    1509882

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA HAYES, JANE DOES 1, 2, 3, 4, 5, | Civil Action No. 2:18-cv-15318 |
| Plaintiff, | Civil Action |
| v. | |
| JEFFREY SIMONS, SUPERIOR INK CO. a/k/a GOTHAM INK, ABC CORPORATION | **ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, DEMAND FOR DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR PRODUCTION OF STATEMENTS, DEMAND FOR INTERROGATORIES, CERTIFICATION AND COUNTERCLAIM** |
| Defendants. | |

Defendant, Jeffrey Simons, answers the Amended Complaint of plaintiff insofar as it relates to such defendant as follows:

## THE PARTIES COUNT

1.  At this time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 1 of the Parties Count of the Amended Complaint.

2.  At this time, defendant has no knowledge or information sufficient to form a belief

regarding the truth of the allegations of paragraph 2 of the Parties Count of the Amended Complaint.

3.  Defendant admits the allegations of paragraph 3 of the Parties Count of the Amended Complaint.

4.  Defendant admits the allegations of paragraph 4 of the Parties Count of the Amended Complaint only to the extent that Superior Ink is a business located at 100 North Street, Teterboro, New Jersey, Bergen County.  Defendant denies the remaining allegations of paragraph 4 of the Parties Count of the Amended Complaint.

WHEREFORE, defendant, Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint, with prejudice.

## GENERAL ALLEGATIONS COUNT

5.  Defendant denies the allegations of paragraph 5 of the General Allegations Count of the Amended Complaint.

6.  Defendant denies the allegations of paragraph 6 of the General Allegations Count of the Amended Complaint.

7.  Defendant denies the allegations of paragraph 7 of the General Allegations Count of the Amended Complaint.

8.  Defendant denies the allegations of paragraph 8 of the General Allegations Count of the Amended Complaint.

9.  Defendant denies the allegations of paragraph 9 of the General Allegations Count of the Amended Complaint.

10. Defendant denies the allegations of paragraph 10 of the General Allegations Count of the Amended Complaint.

11. Defendant denies the allegations of paragraph 11 of the General Allegations Count of the

Amended Complaint to the extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 11 of the General Allegations Count of the Amended Complaint and leaves plaintiff to her proofs.

12. Defendant denies the allegations of paragraph 12 of the General Allegations Count of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the General Allegations Count of the Amended Complaint that Superior Ink obtained a rental home for plaintiff. Defendant admits the remaining allegations of paragraph 13 of the General Allegations Count of the Amended Complaint.

14. Defendant denies the allegations of paragraph 14 of the General Allegations Count of the Amended Complaint.

15. Defendant denies the allegations of paragraph 15 of the General Allegations Count of the Amended Complaint.

16. Defendant denies the allegations of paragraph 16 of the General Allegations Count of the Amended Complaint to the extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, Defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 16 of the General Allegations Count of the Amended Complaint and leaves plaintiff to her proofs.

17. Defendant denies the existence of any employment relationship between plaintiff and defendant, and between plaintiff and Superior Ink. Otherwise, defendant denies the remaining allegations of paragraph 17 of the General Allegations Count of the Amended Complaint to the

extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in paragraph 17 of the General Allegations Count of the Amended Complaint and leaves plaintiff to her proofs.

18. Defendant denies the allegations of paragraph 18 of the General Allegations Count of the Amended Complaint to the extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 18 of the General Allegations Count of the Amended Complaint and leaves plaintiff to her proofs.

19. Defendant denies the allegations of sentence one of paragraph 19 of the General Allegations Count of the Amended Complaint. Defendant denies the allegations of sentence two of paragraph 19 of the General Allegations Count of the Amended Complaint to the extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in sentence two of paragraph 19 of the General Allegations Count of the Amended Complaint and leaves plaintiff to her proofs.

20. Defendant denies the allegations of paragraph 20 of the General Allegations Count of the Amended Complaint.

21. Defendant denies the allegations of paragraph 21 of the General Allegations Count of the

Amended Complaint to the extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 21 of the General Allegations Count of the Amended Complaint and leaves plaintiff to her proofs.

WHEREFORE, defendant, Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint, with prejudice.

## COUNT ONE

22. Defendant repeats and realleges his answers to each and every allegation of the Parties, General Allegations Counts of the Amended Complaint as if set forth at length herein.

23. Defendant denies the allegations of paragraph 23 of Count One of the Amended Complaint to the extent that some are construed to imply that defendant acted negligently, carelessly, recklessly, willfully, intentionally, maliciously, egregiously, wantonly or improperly in any respect. Otherwise, at this point in time, defendant has no knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 23 of Count One of the Amended Complaint and leaves plaintiff to her proofs.

24. Plaintiff was subjected to no harassment. Defendant denies the allegations of paragraph 24 of Count One of the Amended Complaint.

25. Plaintiff was subjected to no harassment. Defendant denies the allegations of paragraph 25 of Count One of the Amended Complaint.

26. Defendant denies the allegations of paragraph 26 of Count One of the Amended Complaint.

27. Plaintiff had no employment relationship with any defendant. Defendant denies the

5

allegations of paragraph 27 of Count One of the Amended Complaint.

28. Defendant denies the allegations of paragraph 28 of Count One of the Amended Complaint.

29. Defendant denies the allegations of paragraph 29 of Count One of the Amended Complaint.

WHEREFORE, defendant, Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint, with prejudice.

## COUNT TWO

30. Defendant repeats and realleges his answer to each and every allegation of the Parties Count, General Allegations Count and Count One of the Amended Complaint as if set forth at length herein.

31. Defendant denies the allegations of paragraph 31 of Count Two of the Amended Complaint.

32. Defendant denies the allegations of paragraph 32 of Count Two of the Amended Complaint.

33. Defendant denies the allegations of paragraph 33 of Count Two of the Amended Complaint.

34. Plaintiff had no employment relationship with any defendant.  Defendant denies the allegations of paragraph 34 of Count Two of the Amended Complaint.

35. Defendant denies the allegations of paragraph 35 of Count Two of the Amended Complaint.

36. Defendant denies the allegations of paragraph 36 of Count Two of the Amended Complaint.

37. Defendant denies the allegations of paragraph 37 of Count Two of the Amended Complaint.

WHEREFORE, defendant Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint, with prejudice.

## COUNT THREE

38. Defendant repeats and realleges his answers to each and every allegation of the Parties Count, General Allegations Count, Count One and Count Two of the Amended Complaint as if set forth at length herein.

39. Defendant denies the allegations of paragraph 39 of Count Three of the Amended Complaint.

40. Defendant denies the allegations of paragraph 40 of Count Three of the Amended Complaint.

41. Defendant denies the allegations of paragraph 41 of Count Three of the Amended Complaint.

WHEREFORE, defendant Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint with Prejudice.

## COUNT FOUR

42. Defendant repeats and realleges his answers to each and every allegation of the Parties Count, General Allegations Count, Count One, Count Two and Count Three of the Amended Complaint as if set forth at length herein.

43. Plaintiff was not subjected to sexual harassment. Defendant denies the allegations of paragraph 43 of Count Four of the Amended Complaint.

44. Defendant denies the allegations of paragraph 44 of Count Four of the Amended

Complaint.

45. Defendant denies the allegations of paragraph 45 of Count Four of the Amended Complaint.

WHEREFORE, defendant Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint with Prejudice.

## COUNT FIVE

46. Defendant repeats and realleges his answers to each and every allegation of the Parties Count, General Allegations Count, Count One, Count Two, Count Three and Count Four of the Amended Complaint as if set forth at length herein.

47. Defendant denies the allegations of paragraph 47 of Count Five of the Amended Complaint.

48. Defendant denies the allegations of paragraph 48 of Count Five of the Amended Complaint.

49. Defendant denies the allegations of paragraph 49 of Count Five of the Amended Complaint.

WHEREFORE, Defendant Jeffrey Simons demands judgment dismissing plaintiff's Amended Complaint, with prejudice.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to set forth a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

There is lack of *in personam* jurisdiction over this party because there is insufficiency of process and insufficiency of service of process. The exercise of such jurisdiction over this party is

therefore in violation of this party's rights under the Constitutions of the State of New Jersey and the United States of America and this party reserves the right to move for dismissal of the pleading.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over certain causes of action raised by plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The causes of action set forth in the Amended Complaint are frivolous and defendant will seek those sanctions allowed by federal/state law and rules.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is frivolous and a sham.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the New Jersey Law Against Discrimination ("NJLAD") fail because there was neither an employer/employee relationship between plaintiff and defendant nor was there ever a prospective employment relationship between the parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not an "employee" of defendant as that term is defined under NJLAD.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant was not an "employer" of plaintiff as that term is defined under NJLAD.

### NINTH AFFIRMATIVE DEFENSE

Defendant acted at all times relevant hereto with good faith, without any fraud or malice.

### TENTH AFFIRMATIVE DEFENSE

Defendant did not violate public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Even if there was an employer/employee relationship between plaintiff and defendant, which defendant denies, there is no causal link between any alleged discrimination/harassment/retaliation and any employment action.

## TWELFTH AFFIRMATIVE DEFENSE

Even if there was an employer/employee relationship between plaintiff and defendant, which defendant denies, plaintiff was terminated from her position for legitimate, non-discriminatory, and non-retaliatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Even if there was an employer/employee relationship between plaintiff and defendant, which plaintiff denies, Plaintiff's claims are barred by the at-will employment doctrine which provides justification for plaintiff's dismissal from employment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Even if there was an employer/employee relationship between plaintiff and defendant, which defendant denies, plaintiff was not discriminated against/harassed/retaliated against in the terms and conditions of her employment; nor was there any quid pro quo discrimination/harassment/retaliation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Even if there was an employer/employee relationship between plaintiff and defendant, which defendant denies, defendant engaged in no retaliation/harassment/disparate treatment in violation of the NJLAD or any other federal/state statute and/or regulation and/or common law and/or public policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Even if there was an employer/employee relationship between plaintiff and defendant, which defendant denies, defendant did not violate the NJLAD and did not know of, create, aid, abet, condone and/or was willing indifferent to a hostile work environment, disparate treatment, retaliation and/or harassment of plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant acted, at all times relevant, for legitimate, non-discriminatory, and non-retaliatory reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the sole conduct of plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant has violated no public policies, laws, rules or obligations.

## TWENTIETH AFFIRMATIVE DEFENSE

The sole negligence or conduct of the plaintiff caused the happening of the said alleged incident.

## TWENTY- FIRST AFFIRMATIVE DEFENSE

This defendant had no and undertook no duty to plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the defendant was not the proximate cause of any injuries which may have been sustained by plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any amount plaintiff may recover shall be reduced in proportion to the amount of negligence attributed to plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is not guilty of negligence and violated no duty to plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the sole conduct of plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Judgment for a share of any recovery in the action against defendant is subject to state and common law provisions on contribution and comparative negligence.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Amended Complaint are barred and/or recovery is barred, in whole or in part, by the contributory and/or comparative negligence of the Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of persons and/or entities over whom the defendant has no control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

## THIRTIETH AFFIRMATIVE DEFENSE

The claims set forth in the Amended Complaint are barred as a matter of law because the allegations were not made and perfected in a manner and within the time required by law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, reliance, estoppel, acquiescence, laches, unclean hands, fraud, collateral estoppel, equitable estoppel and/or res judicata.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and damages are barred and estopped by her own conduct.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk inherent in the activity engaged in by the plaintiff.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the within litigation, defendant complied with applicable law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant had the right and duty to act as he did under the circumstances alluded to in the Amended Complaint filed in this cause.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant did not engage in any discrimination, harassment and/or retaliation due to plaintiff's sex, gender and/or any other theory of liability.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

All actions/inactions of defendant were proper and reasonable and in accordance with the law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to the within litigation, defendant acted in good faith and with reasonableness based upon the existing circumstances.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant acted with the acquiescence or consent of plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

Defendant acted with legal justification in all of his actions in accordance with applicable federal, state and local laws, and took no action at any time to deprive plaintiff of any federal, state or local laws.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages, if any, as required by law.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred as plaintiff has failed to meet the procedural and/or substantive requirements and necessary prerequisites under the NJLAD and/or under common law.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred as there is no proximate cause between what defendant did or did not do and the claims alleged; defendant's conduct did not cause any injury.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant has legitimate, non-discriminatory reasons for all acts and admissions that are the subject of this Amended Complaint.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant specifically denies being liable for punitive damages.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred by law from recovering punitive damages.

### RESERVATION OF RIGHT TO ADD ADDITIONAL DEFENSES

Defendant reserves the right to add such additional defenses, at law or in equity, as may become apparent or available during discovery or any other factual investigation in this case.

### COUNTERCLAIM

Defendant by way of Counterclaim against Plaintiff says that:

## **FACTUAL ALLEGATIONS**

1.   Defendant is a 75-year-old male suffering from Multiple Sclerosis.   He utilizes a walker and a scooter and has limited mobility.

2.   After his divorce in September of 2015, defendant began seeking companionship through a website called SeekingArrangement (www.seeking.com).

3.   Seeking Arrangement promotes "mutually beneficial relationships" between wealthy individuals and it purportedly "delivers a new way for relationships to form and grow.  Sugar Babies and Sugar Daddies or Mommas both get what they want, when they want it."

4.   Defendant met plaintiff on Seeking Arrangement and they began a personal, social relationship in Spring of 2016.

5.   Plaintiff is approximately 36-years-old.

6.   Defendant and plaintiff never had an employer/employee relationship nor was there ever any prospect that an employment relationship would develop.

7.   Plaintiff repeatedly professed her happiness and positive feelings for defendant throughout the duration of their relationship.

8.   Plaintiff expressed to defendant a desire to enter into a more romantic relationship than the strictly platonic relationship that they already had. Indeed, plaintiff has expressed on many occasions a strong desire to marry defendant.

9.   Defendant assisted plaintiff, a single mother who was going through a divorce, financially throughout their relationship by occasionally giving her money in varying amounts and leasing a home in Saddle River, New Jersey for her and her young child, resulting in a monetary loss to defendant of at least $86,000.

10.   Defendant began to feel that plaintiff was taking advantage of him and not treating him fairly.  Defendant felt that plaintiff was only interested in the money and support that defendant had been providing to her and her child.

11.   Defendant also found out that plaintiff was stealing money from him by the unauthorized use of defendant's credit cards and bank account.

12.   Plaintiff defrauded defendant by making unauthorized purchases on defendant's credit cards and bank account. The total of these purchases was in the amount of $26,030.82.

13.   On May 31, 2018, defendant had a police report filed with the Mahwah Township Police Department regarding plaintiff's fraudulent use of his credit cards and bank account.

14.   Plaintiff also refused to let defendant come into the home that defendant had leased for her, notwithstanding that defendant was paying the rent and most of the household expenses.

15.   After being taken advantage of by plaintiff financially and emotionally, on May 28, 2018, defendant notified plaintiff that he was ending the personal relationship with plaintiff effective immediately.  Defendant also told plaintiff to move out of the house that defendant was leasing for plaintiff by July 1, 2018.

16.   Defendant had thought that plaintiff had genuine feelings for defendant.

17.   Plaintiff's acts caused defendant extreme emotional distress, anxiety and depression.

18.   Plaintiff's actions towards defendant were fraudulent, deceitful and criminal.

19.   Plaintiff's acts towards defendant were extreme and outrageous and have caused defendant both significant economic and emotional damages.

### COUNT ONE
(Fraud)

20.   Defendant repeats and realleges every allegation in paragraphs 1 to 19 of the Counterclaim as if set forth herein at length hereto.

21.   Plaintiff materially misrepresented her true intentions and feelings for defendant with the intent that defendant rely on same for the purposes of coercing defendant into providing plaintiff with economic support.

22.   Plaintiff further obtained access to defendant's credit card and bank account information and fraudulently used defendant's credit cards and bank account without defendant's authorization to make purchases for plaintiff and her child.

23.   Defendant reasonably relied on plaintiff's misrepresentations regarding her true intentions and feelings for defendant, resulting in defendant's giving money to plaintiff and agreeing to plaintiff's request for defendant to lease a house for plaintiff and her child.

24.   Plaintiff stood to gain financially by misrepresenting her true intentions and feelings for defendant.

25.   Defendant has been damaged both economically and non-economically as a result of his reliance on the misrepresentations made by plaintiff.

**WHEREFORE**, the defendant demands judgment on this Count for compensatory damages, attorney's fees and costs, punitive damages, interest, penalties, such other damages as applicable statutes and/or common law permit, and such other relief that the Court may deem equitable and just.

## COUNT TWO
(Conversion; Theft)

26.   Defendant repeats and realleges his answers to each and every allegation in paragraphs 1 to 25 of the Counterclaim as if set forth herein at length hereto.

27.   Plaintiff converted defendant's property by exercising unlawful dominion and control of defendant's property and made unauthorized purchases using defendant's credit cards, gaining access to defendant's bank account and used funds therefrom for plaintiff's personal benefit.

28.   Plaintiff unlawfully took and kept defendant's property.

29.    Plaintiff wrongfully interfered with defendant's right to his property.

30.    Plaintiff's acts in converting defendant's property have resulted in an economic loss to defendant and non-economic damages.

**WHEREFORE**, the defendant demands judgment on this Count for compensatory damages, attorney's fees and costs, punitive damages, interest, penalties, such other damages as applicable statutes and/or common law permit, and such other relief that the Court may deem equitable and just.

## COUNT THREE
### (Intentional Infliction of Emotional Distress)

31.    Defendant repeats and realleges allegation in paragraphs 1 to 30 of the Counterclaim as if set forth herein at length hereto.

32.    Plaintiff acted intentionally to produce emotional distress to defendant.

33.    Plaintiff also acted recklessly and in deliberate disregard of the high degree of probability that emotional distress to defendant would follow.

34.    Plaintiff's conduct was extreme and outrageous and went beyond all possible bounds of decency and was atrocious and utterly intolerable in a civilized community.

35.    Plaintiff's actions were the proximate cause of defendant's emotional distress, anxiety and depression.

36.    The emotional distress, anxiety and depression suffered by defendant was so severe that no reasonable person could be expected to endure such distress.

**WHEREFORE**, the defendant demands judgment on this Count for compensatory damages, attorney's fees and costs, punitive damages, interest, penalties, such other damages as applicable statutes and common law permit, and such other relief that the Court may deem equitable and just.

## DEMAND FOR DAMAGES

The within defendant hereby demands the plaintiff provide a statement as to the amount of damages claimed within five (5) days of the receipt of this demand.

## JURY DEMAND

The within defendant demands trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Jacqueline A. DeGregorio, Esq. is hereby designated as trial counsel.

## DEMAND FOR PRODUCTION OF STATEMENTS

Demand is hereby made that you provide the attorney filing this pleading with true and complete copies of any statements made by the client of this attorney. This demand is deemed to be continuing.

## DEMAND FOR INTERROGATORIES

Demand is hereby made that you serve upon the undersigned copies of all interrogatories propounded by you to any party and answered by them. This demand is deemed to be continuing.

## CERTIFICATION

I certify that the within pleading was served within the time period allowed by the court rules.

WEINER LAW GROUP LLP
Attorneys for Defendant,
Jeffrey Simons

Jacqueline A. DeGregorio, Esq.,
A Member of the Firm

Dated:  October 31, 2018